## ST. PAUL FIRE & MARINE INS. CO. v. WILBURN.

No. 13636—Opinion Filed June 10, 1924.

Rehearing Denied Oct. 7, 1924.

**1. Appeal and Error—Questions of Fact—Verdict.**

In the trial of a law action to the court or jury, in the submission of disputed questions of fact to the jury, if there is any competent testimony which tends to support the verdict of the jury, the judgment will not be reversed on appeal.

**2. Same—Verdict Sustained.**

Record examined; held, to be sufficient to support the verdict of the jury.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by W. A. Wilburn against St. Paul Fire & Marine Insurance Company for debt on fire insurance policy. Judgment for plaintiff. Defendant brings error. Affirmed.

Rittenhouse & Rittenhouse, for plaintiff in error.

P. Mounts, W. H. Hussey, and Herman S. Davis, for defendant in error.

Opinion by STEPHENSON, C. The plaintiff commenced his action against the defendant, in which he alleged that the defendant issued its fire insurance policy on a dwelling house owned by the plaintiff. The policy was alleged to have been issued on October 1, 1919, to run for a period of three years from date. The building was

totally destroyed by fire and the company failed to pay the loss. In the trial of this cause, judgment went for the plaintiff and the defendant has appealed the cause to this court for review. The main contentions for reversal are: (1) The verdict of the jury is contrary to the evidence; and (2) contrary to the law. The main ground for controversy arises out of the alleged issuance of the policy by the defendant and the denial of execution by the defendant, and the further claim of the plaintiff that the agent of the defendant lost the policy after its issuance and failed to deliver the same to the plaintiff. The plaintiff testified that he made inquiry of the agent about the policy and was advised by the agent that he had issued the same, and that it was a binding obligation on the company. It appears that a mortgagee of the insured who was concerned in the property being insured went with the insured to see the agent. Both parties testified that the agent went to his records and after some search advised them that the policy had been issued and was a binding obligation on the company. The parties further testified that the agent advised them the company could furnish a copy of the policy at any time it was desired. The plaintiff made written demand as is provided by the statute upon the defendant to be furnished the original policy. The request and failure of the company to furnish the policy rendered the foregoing proof competent as to its execution and loss. The testimony of the plaintiff was sufficient to raise an issue of fact to go to the jury on the questions of the issuance of the policy by the defendant and its loss by the agent. Section 6767, Comp. Stat. 1921, prescribes a standard form of fire insurance policy, which companies are required to use in writing contracts of insurance. The court will take judicial notice of the contents of the standard form of fire insurance policy, and it will be presumed that this form of policy was issued in compliance with the law. The defendant denied the issuance of the policy. There is sufficient competent testimony to support the verdict of the jury. Garrison Coal Co. v. Semple, 82 Okla. 60, 198 Pac. 497.

We have carefully examined the record and find that the issues of fact were fairly submitted to the jury.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.